The document below is hereby signed.

Signed: July 22, 2019



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| VISTA RIDGE LIMITED | ) | Case No. 19-00126 |
| PARTNERSHIP, | ) | (Chapter 11) |
| | ) | Not for publication in |
| Debtor. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING DEBTOR'S MOTION TO RECONSIDER

On June 12, 2019, the debtor filed a motion (Dkt. No. 128) seeking reconsideration of the court's June 6, 2019 *Memorandum Decision and Order Denying Application to Employ Accountants* (Dkt. No. 118) ("*Memorandum Decision and Order*"). In the *Memorandum Decision and Order,* the court denied the debtor's *Application to Employ Abba Blum, CPA, And Firm Of MN Blum LLC As Accountants* (Dkt. No. 96), explaining that because the accountants are a creditor and there is no indication that they have agreed to waive their prepetition claim, they are not disinterested and may not be employed under 11 U.S.C. § 327(a).

Under Fed. R. Civ. P. 59(e), made applicable by Fed. R. Bankr. P. 9023, a court may reconsider a final order if the "court finds that there is an intervening change of controlling

law, the availability of new evidence, or to correct a clear legal error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  The debtor does not contend that there has been an intervening change of controlling law or an emergence of new evidence.  Nor does the debtor claim the court's denial of the debtor's application was a clear legal error or would result in manifest injustice.  Rather, the debtor merely urges the court to adopt the more favorable "case-by-case" or "pragmatic" approach to § 327(a), rather than treating § 327(a) as requiring a "mechanical *per se* disqualification from employment," and cites other courts that have taken such an approach.  However, in light of the unambiguous statutory language, "[t]his court is not inclined to measure a degree of disinterestedness or interestedness to see whether it is sufficient to qualify or disqualify."  *In re CIC Inv. Corp.*, 175 B.R. 52, 56 (9th Cir. B.A.P. 1994) (quoting *In re Michigan General Corp.*, 77 B.R. 97, 106 (Bankr. N.D. Tex. 1987). It is thus

ORDERED that the debtor's motion (Dkt. No. 128) seeking reconsideration of the court's *Memorandum Decision and Order Denying Application to Employ Accountants* (Dkt. No. 118) is DENIED.

[Signed and dated above.]

Copies to: E-recipients.